781 F.2d 36
 Bankr. L. Rep. P 70,937
In re Anthony R. MARTIN-TRIGONA, New Haven Radio, Inc., Debtors.
Anthony R. MARTIN-TRIGONA, Plaintiff-Appellant,
v.
Richard BELFORD, Trustee of the Estate of Anthony R.
Martin-Trigona, and Daniel Meister, Trustee of the
Estate of New Haven Radio, Inc.,
Defendants-Appellees.
 No. 74, Docket 84-5033.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 19, 1985.
Decided Jan. 13, 1986.
 
 Anthony R. Martin-Trigona, pro se.
 Richard M. Coan, New Haven, Conn., submitted a brief for defendant-appellee Richard Belford, trustee of estate of Anthony R. Martin-Trigona.
 Irving H. Perlmutter, New Haven, Conn., submitted a brief for defendant-appellee Daniel Meister, trustee of the estate of New Haven Radio, Inc.
 Before LUMBARD, OAKES and NEWMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by Anthony R. Martin-Trigona from several orders of the District Court for the District of Connecticut (Jose A. Cabranes, Judge) entered in the course of his personal bankruptcy proceeding and the related Chapter 11 proceeding of New Haven Radio, Inc. Much of the pertinent background is set forth in our prior decision in In re Martin-Trigona, 760 F.2d 1334 (2d Cir.1985). The orders sought to be appealed are not all identified either in the notices of appeal or in Martin-Trigona's pro se brief. This opinion will therefore consider those orders that have been sufficiently identified as subjects of this appeal. Each such order is affirmed for reasons set forth below.
 
 I.
 
 2
 Martin-Trigona challenges the settlement of various claims. The first is a claim by Martin-Trigona against New Haven Radio, Inc. for $240,000 allegedly due for personal services rendered to the corporation. The second is a claim by Martin-Trigona against New Haven Radio, Inc. for $224,093 allegedly due for money loaned to the corporation. The third is actually a group of claims by Martin-Trigona against WHET, Inc., a Boston radio station, also in Chapter 11 proceedings; these claims are similar to Martin-Trigona's claims against the New Haven station. The fourth is a claim by Martin-Trigona against Theodore Jones and others named as defendants in a suit brought by Martin-Trigona in the District Court for the District of Massachusetts (Civ. No. 79-361-T). These defendants had sold the Boston radio station to Martin-Trigona. He sued them for fraudulent misrepresentations in connection with the sale.
 
 
 3
 The two claims against the New Haven station were settled by Richard Belford, trustee of the estate in Martin-Trigona's personal bankruptcy, and Daniel Meister, trustee of the estate of New Haven Radio, Inc., for $5,000. The claim against the Boston station was settled by Belford and David J. Ferrari, trustee for the estate of the Boston station, for $35,000 plus designated items of office furnishings. The claim against the defendants in the District of Massachusetts case was settled by Belford with their attorneys for $10,000, with the defendants maintaining the right to pursue Martin-Trigona for the $426,000 allegedly due under the purchase agreement.
 
 
 4
 All four settlements were approved by Judge Cabranes in orders entered December 19, 1983. With respect to the two claims against the New Haven station, the $5,000 agreed to be paid was allocated entirely to the claim for services rendered; the loan claim was disallowed and dismissed in its entirety. On April 12, 1984, the District Court denied motions by Martin-Trigona to vacate the December 19 orders under Fed.R.Civ.P. 59.
 
 
 5
 Though the claims were settled for sums that are small in relation to the amounts claimed, the reasonableness of the settlements is fully supported by the fact that throughout the protracted course of Martin-Trigona's bankruptcy proceedings, he has steadfastly refused to furnish the trustee of his estate any information that would provide the trustee with a basis for prosecuting the claims or negotiating more favorable settlements. For example, in response to a December 23, 1982, letter from Belford's attorney requesting, among other things, "all facts underlying any and all claims that you have against third parties," Martin-Trigona replied, in a letter dated December 31, 1982, "I would not furnish you with the time of day. I consider you garbage and scum and respond to you only because I enjoy being able to call someone scum without fear of contradiction. You can write as many letters as you want, and you will get the same response." Under the circumstances, Belford did well in obtaining $50,000.
 
 
 6
 Apart from his usual tirade of accusations against all who have had anything to do with the matters in issue, interspersed with scurrilous invective and antiSemitic diatribes,[1] appellant appears to challenge the procedural regularity of the orders approving the settlements. There is no valid basis for complaint. With respect to the two claims against the New Haven station, an initial hearing was held before Bankruptcy Judge Krechevsky on the objections filed by the trustee for New Haven Radio, Inc. Notice was sent to creditors. None appeared. Testimony at the hearing established that Martin-Trigona had rendered virtually no services to the corporation during the time for which he claimed compensation. Martin-Trigona presented no evidence in support of his claimed loan to the corporation. Settlement of the claims against the Boston station and the defendants in the District of Massachusetts lawsuit was considered at hearings begun before Judge Krechevsky, upon notice to all creditors. None appeared. After the bankruptcy proceedings were transferred to the District Court, a hearing on various pending matters, including the four settlements, was scheduled for June 6, 1983. Martin-Trigona failed to appear and was defaulted. Nevertheless, the District Court accorded Martin-Trigona a further opportunity to oppose the settlements. A subsequent hearing disclosed no basis to deny approval to any of the settlements. The only colorable objection now advanced is that notice of the hearing on the proposed settlement of the two claims against the New Haven station was not sent to Martin-Trigona's creditors. However, former Bankruptcy Rule 203(a)(5), applicable to the matters currently in issue, permits settlement hearings to proceed without notice "for good cause shown." The District Court reasonably concluded that notice was not required since no creditor had ever appeared at any prior hearings to compromise claims, no creditor had appeared at the hearing on the objection to these two claims (for which notice had been given), and the only objector, Martin-Trigona, was on notice of all proceedings and was afforded ample opportunity to participate. No creditor subsequently complained of lack of notice, nor has such complaint been raised by any creditor in the course of this appeal.
 
 
 7
 Having defaulted on his debts to his creditors, invoked the protection of the bankruptcy court to fend them off, and then blocked lawful efforts to ascertain whether he has assets to pay at least part of what he owes,[2] Martin-Trigona now complains that his creditors have not received sufficient value in the settlements of his claims. Since his obstinate refusal to furnish information to support these claims was the principal reason for their settlement, his current concern for his creditors is disingenuous, to say the least.
 
 II.
 
 8
 Appellant also challenges two orders of the District Court, dates not specified, which purportedly denied individual and corporate claims to items of property allegedly owned either by him or by New Haven Radio, Inc. With respect to property claimed to be owned by Martin-Trigona personally, the record provides no basis for ordering the return of any such property since Martin-Trigona has resisted all efforts to ascertain what property he owns. His allegations of ownership in his brief cannot substitute for the sworn testimony, subject to cross-examination, that he remains obliged to furnish in the course of his own bankruptcy proceeding. With respect to property claimed to be owned by New Haven Radio, Inc., Martin-Trigona contends that upon confirmation of a plan of reorganization in the Chapter 11 proceeding, some unspecified property reverted to the corporate debtor by virtue of 11 U.S.C. Sec. 1141(b) (1982). The reversion mandated by that provision, however, is explicitly subject to the provisions in the plan or the order confirming the plan. The plan in this case provided for payment to the corporate creditors funded by sale of all the assets. That sale was approved by the District Court and by this Court. In re Martin-Trigona, supra, 760 F.2d at 1347. No property reverted to the corporation.
 
 III.
 
 9
 Finally, Martin-Trigona complains that the District Court set too low a bond for the trustee of the estate of New Haven Radio, Inc. The bond was originally set at $5,000 by Bankruptcy Judge Babitt, before the proceedings were transferred from the Southern District of New York to the District of Connecticut. On March 30, 1984, Judge Cabranes, after a hearing in which counsel for the radio station participated, raised the trustee's bond to $100,000. Under the circumstances, we see no basis to question the amount of the bond. The assets of the corporation have been ordered to be sold for $430,000. In re Martin-Trigona, supra, 760 F.2d at 1336. At the time the sale was approved, unsecured claims and expenses were estimated to total $246,000. Id. at 1346. The claim of the only secured creditor has been voluntarily reduced from $625,000 to approximately $184,000. Neither the secured creditor nor any of the unsecured creditors (except Martin-Trigona) has made any complaint as to the amount of the bond.
 
 Conclusion
 
 10
 The orders of the District Court, identified herein, are affirmed.
 
 
 
 [1]
 Martin-Trigona's papers far exceed the bounds of vigorous advocacy and could well be stricken as scurrilous. Counsel for the trustee of New Haven Radio, Inc. has explicitly refrained from moving to strike Martin-Trigona's brief, fearing that the granting of such a motion would only delay ultimate resolution of the appeal. However, where papers are stricken as scurrilous, a court is not obliged to afford further opportunity to submit proper papers, especially when the improper papers are part of a regular pattern of scurrilous submissions. Martin-Trigona is now on notice that henceforth the submission of scurrilous papers will encounter the distinct risk that this court will strike such papers, sua sponte, without leave to refile, thereby subjecting him to default in connection with the matters being litigated
 
 
 [2]
 Martin-Trigona was incarcerated for civil contempt for failure to answer questions concerning his assets. In re Martin-Trigona, 732 F.2d 170 (2d Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 191, 83 L.Ed.2d 124 (1984). After several months of confinement, he was released only because of a determination that the civil contempt sanction no longer had a coercive effect